## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JOEL CARMENATES,

                    Plaintiff,

          vs.

DARLA S. IDEUS, Lancaster County
District Court Judge;

                    Defendant.

**4:20CV3031**

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint on March 12, 2020. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner currently confined at the Nebraska State Penitentiary. Liberally construed, he brings this action pursuant to 42 U.S.C. § 1983 against Lancaster County District Court Judge Darla S. Ideus ("Judge Ideus") for "wrongful conviction" and due process violations. (Filing No. 1 at CM/ECF pp. 4–5.) In his own words, Plaintiff states his claim as follows:

> I was arrested in Las Vegas, Nevada on July 2017, in my own house. I was extradited to Lancaster County, NE for a felony I did not commit. I went to trial because [I'm] innocent of the charge against me. One day before my trial, I was charged with a second felony for not accepting a deal for something I did not commit. Case # is CR 17-1251. I was sentenced to a total of 6-10 years. I want to be clear that to this day I have not been presented with any type of evidence against me. This is the reason why [I'm] presenting this complaint, so

that you can help me proceed forward. I have made two appeals that have been denied. I have also asked to get a lawyer appointed, which I have been denied. I have no resources to get my own lawyer, and for that reason I don't understand why I have no right to a lawyer.

. . . .

I believe they should have made a more careful and profound investigation in my case. To prove that if in fact I was guilty or not guilty of said charges and not falsely accuse me of a crime I have not committed.

(*Id*.)

As relief, Plaintiff seeks $72,000.00 in damages and asks "the court to make a profound investigation in [his] case and to show [him] the evidence." (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Liberally construed, Plaintiff sues Judge Ideus for due process violations. Because Plaintiff does not specify in what capacity Judge Ideus is being sued, the court must assume she is sued in her official capacity. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). For the reasons discussed below, the court finds that Plaintiff's Complaint must be dismissed.

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir.

3

1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535.

Here, Plaintiff seeks damages from Judge Ideus in her official capacity. As a district court judge within the Nebraska Judicial Branch, Judge Ideus is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims against Judge Ideus in her official capacity will be dismissed.

Even if Plaintiff had sued Judge Ideus in her individual capacity, his claims would be barred by judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges generally that he was wrongfully convicted, was not presented with the evidence against him, and was sentenced to 6 to 10 years'

imprisonment. The court can reasonably infer that Judge Ideus presided over Plaintiff's criminal trial and imposed sentence upon him. However, Plaintiff alleges no facts suggesting Judge Ideus' actions fell outside the scope of her duties as a judge presiding over a criminal case or that Judge Ideus acted without jurisdiction. Accordingly, Judge Ideus is immune from suit and Plaintiff's claims against her must be dismissed.

## B. *Heck v. Humphrey*

Plaintiff's request for damages and for the court "to make a profound investigation in [his] case and to show [him] the evidence," (filing no. 1 at CM/ECF p. 6), is clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that he was wrongfully convicted without due process of law in the Lancaster County District Court necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*.

To the extent Plaintiff actually seeks federal habeas corpus relief, i.e. to invalidate his conviction, he may do so by filing a petition for writ of habeas

corpus under 28 U.S.C. § 2254.[1] Plaintiff should be aware that he must first exhaust his state court remedies before seeking federal habeas corpus relief and any habeas action will be subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b) and (c).

IT IS THEREFORE ORDERED that:

1.      This matter is dismissed without prejudice to reassertion in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

2.      The court will enter judgment by a separate document.

3.      The clerk of the court is directed to send Plaintiff a Form AO241 Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus and an application to proceed without prepayment of fees.

Dated this 5th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Plaintiff may use the form petition enclosed with this Memorandum and Order if he decides to file a petition for writ of habeas corpus.

6